ROTHENBERG, Judge.
The defendant, Timothy Bailey, appeals the trial court’s denial of his motion to suppress the evidence seized from the house where he resided. As we conclude that the investigatory stop of the vehicle Bailey was in was based upon reasonable well-founded suspicion, see Popple v. State, 626 So.2d 185, 186 (Fla.1993), and that the written consent to search obtained from Bailey was freely and voluntarily given, see United States v. Watson, 423 U.S. 411, 424, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976)(holding that “custody alone has never been enough in itself to demonstrate a ... consent to search”); United States v. Barnett, 989 F.2d 546, 555-56 (1st Cir.1993)(rejecting defendant’s argument that his consent was not voluntary due to the “strong police presence”), we find that the trial court did not abuse its discretion in denying Bailey’s motion to suppress. *1132 See Pagan v. State, 830 So.2d 792, 806 (Fla.2002)(“[A] trial court’s ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling.”)
Affirmed.